WILLIAM H. KENNER and ELEANOR V. KENNER, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent. Kenner v. Commissioner
Docket Nos. 2761-62, 2762-62, 2763-62
United States Tax Court
T.C. Memo 1975-118; 1975 Tax Ct. Memo LEXIS 254; 34 T.C.M. (CCH) 577; T.C.M. (RIA) 750118; April 30, 1975, Filed. Charles A. Boyle and William M. Phelan, for the petitioners. Alan M. Jacobson, for the respondent. TANNENWALD
SUPPLEMENTAL MEMORANDUM OPINION TANNENWALD, Judge: On October 21, 1974, we filed our Findings of Fact and Opinion (hereinafter "Opinion") in the above-entitled case as T.C. Memo. 1974-273. Decisions were to be entered pursuant to Rule 155, Tax Court Rules of Practice and Procedure, [2] but such decisions have not been entered to date, as no computations have yet been filed. On February 11, 1975, we granted respondent's Motion for Special Leave to File Motion for Reconsideration and Revision of Opinion and such motion was filed on February 11, 1975.
*255 Petitioners' sole objection to respondent's motion is that it was filed delinquently, as Rule 161 recites that such a motion: "shall be filed within 30 days after the opinion has been served," a period which expired on November 20, 1974. The rule goes on to qualify the time period, however, by allowing such motions as the Court shall otherwise permit. As respondent discovered during the Rule 155 computation, certain errors were committed in our Opinion which in our judgment require a revision of that Opinion in certain respects. On pages 58, 59 (table, second entry), 60 (table, line 2), and 67 (fn. 24) of the Opinion, we incorrectly stated or implied that, in calculating earnings and profits of Kenner's Charitable Hospital, Inc., additions to tax are to be allocated to the same taxable year to which the deficiencies apply. Upon further reflection, we conclude that, in determining the amount of corporate earnings and profits available for the payment of dividends, any additions to tax under section 6651(a) [3] (even though contested) are to be accrued and deducted by an accrual basis taxpayer from taxable income for the years in which the returns were due to be filed. The reason *256 for this is, of course, that there can be no failure to file a tax return until that return is due; hence, no liability arises until that time. See Estate of Esther M. Stein,25 T.C. 940, 965-967 (1956), affirmed sub nom. Levine v. Commissioner,250 F.2d 798 (C.A. 2, 1958).[4] Thus, in computing earnings and profits for any given taxable year, deductions are to be made for deficiencies in the taxpayer's income tax for that year, but the addition to the tax for that year is not to be deducted until the following year, the year in which the return for the prior year was required to be filed. Also, in our Opinion, on pages 60 (table, line 3, and fn. 20) and 67 (fn. 24), we held that interest on additions to tax accrues and is to be deducted in the taxable year in which the deficiency arises in order to arrive at earnings and profits. However, under section *257 6601(f)(3) (also section 294(b), Internal Revenue Code of 1939), interest on additions to tax is not imposed until 10 days after the date of notice and demand, if such additions have not yet been paid. Herein, since the additions to tax for the years in issue in the prior case (1944 through 1954) appear to have been partly assessed on December 16, 1959, and the balance assessed in 1962, [5] no deductions for such interest can be taken in computing earnings and profits for the purposes of this case, with the exception of a slight amount in the 1959 taxable year. Furthermore, since no assessment appears to have been made on the additions for the taxable years involved herein (1955 through 1959) until a date subsequent to 1959, no account can be taken of interest on such additions in computing earnings and profits for the taxable years presently in issue. We are, concurrently with the filing of this Supplemental Opinion, amending our earlier Opinion to reflect respondent's requested changes as well as other factual corrections which we consider *258 should be made. An appropriate order will be entered.
Footnotes
1. Cases, of the following petitioners were consolidated; Kenner's Charitable Hospital, Inc., docket No. 2762-62, and William H. Kenner,↩ docket No. 2763-62.
2. All references to Rules herein shall be deemed to be references to the Tax Court Rules of Practice and Procedure.↩
3. Unless otherwise specified, all section references herein shall be to the Internal Revenue Code of 1954 as amended and in effect for the years in issue. ↩
4. Also see, Estate of W. Favre Slater,T.C. Memo. 1962-256, and Rev. Rul. 57-332, 1957-2 C.B. 231↩.
5. The times of such assessments are set forth in respondent's motion papers and have not been disputed by petitioners.↩